RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/24/14
    MB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DERRICK BRUNSON (#13979-171) | DOCKET NO. 14-CV-2467; SEC. P |
| VERSUS | JUDGE DRELL |
| MRS. K. NICHOLS, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is the complaint of pro se Plaintiff, Derrick Brunson, filed pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,</u> 403 U.S. 388 (1971)[1] and the Federal Tort Claims Act. Brunson is an inmate in the custody of the United States Bureau of Prisons, incarcerated that the Federal Correctional Institution in Pollock, Louisiana. He complains that he suffered retaliation in violation on his constitutional rights after he submitted a grievance to Defendant Nichols.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations and Procedural History*

Plaintiff submitted a grievance (BP8 form) to his counselor, Defendant Nichols, complaining about the electrical power at FCI Pollock going out several times a day. Plaintiff expressed concern for his safety due to the lapses in power. After presenting his

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

concern to Defendant Nichols, she issued a disciplinary write-up to Plaintiff. Plaintiff was convicted of the violation and sanctioned to seven weeks of administrative segregation, as well as the loss of various privileges (which were suspended). However, the conviction was then expunged.

Plaintiff complains that Defendant Lewis violated his constitutional right because, as Mrs. Nichols' supervisor, he directed Nichols to charge Plaintiff with the disciplinary infraction.

Plaintiff complains that the disciplinary hearing officer Mr. White violated Plaintiff's rights by convicting him of the violation.

Plaintiff alleges that Defendants Captain Valle, Lt. Carder, Mr. Davis, and Mrs. Eubanks all conspired to punish Plaintiff for filing an administrative remedy.

Plaintiff seeks declaratory judgment as well as nominal, punitive, and compensatory damages.

### *Law and Analysis*

1.  **Screening**

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Section 1915A(b) provide for *sua sponte* dismissal of the complaint, or any

2

portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

2. **Bivens claims**

Plaintiff alleges that Captain Valle and Lt. Carder told Plaintiff, "You want to tell us how to do our jobs, things will go downhill for you." [Doc. #1, p.7]  To the extent that Plaintiff claims that Valle and Carder threatened him, his claim fails. Verbal threats, without more, do not support a claimed constitutional violation.  See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983).  Plaintiff's allegation that Defendants Valle, Carder, Eubanks, and Davis conspired to deprive Plaintiff of any constitutional right is conclusory.  The claim against these defendants should be dismissed.

Additionally, Plaintiff's complaint against Defendant M. White stems from White's position as the disciplinary hearing officer. White is the person who found Plaintiff guilty of the disciplinary infraction and sanctioned Plaintiff with seven days of segregation and the loss of various privileges.  However, it is clear as a matter of law that the mere involvement in the disciplinary proceedings, without more, does not establish either retaliatory motive or causation. See Hart v. Hairston, 343 F.3d 762, 765 (5th

Cir. 2003). Plaintiff's claim against M. White should be dismissed.

The retaliation claim against Mrs. Nichols should be dismissed, as well. It is well-established that prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution. See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995), cert. denied, 516 U.S. 1084 (1996). To state a claim of retaliation, a prisoner must allege facts that establish (1) he exercised' a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. In this case, the Plaintiff has alleged the exercise of a constitutional right (filing his grievance) and a retaliatory intent by Nichols. However, the issue is whether a sufficient "adverse act" occurred.

Retaliation claims ensure that prisoners are not discouraged from exercising rights guaranteed by our Constitution. See Morris v. Powell, 449 F.3d 682, 686 (5th Cir. 2006). Nevertheless, some so-called retaliatory acts, even those clearly motivated by retaliatory intent, are so *de minimis* that they would not deter an ordinary person from further exercise of his rights. Id. Such *de minimis* retaliatory acts do not rise to the level of constitutional violations and thus cannot form the basis of a §1983 claim. Id. As noted by the Middle District of Louisiana in a recent decision, the Fifth Circuit has not provided a bright line test for determining

4

when a retaliatory action exceeds the *de minimis* threshold. Whereas a transfer to a less desirable job assignment has not been found to be greater than *de minimis*, a transfer to a more dangerous unit or job assignment may be. See Morris, 449 F.3d at 687. Courts have considered the frequency of occurrence and the length of duration of the retaliatory action in evaluating whether the *de minimis* threshold has been met. See Gonzales v. Currie, 2014 WL 222353, *5 (S.D.Tex. Jan.21, 2014).

The retaliatory adverse act complained of herein is the disciplinary conviction, which was expunged. Plaintiff was sentenced to seven days of segregation and the loss of privileges (Which were suspended). To the extent that Plaintiff had to serve his seven days of segregation prior to the expungement, this adverse act is *de minimis*. See e.g., Irby v. Cain, 2014 WL 1028675 (M.D.La. 2014)(four days in segregation and verbal reprimand was *de minimis*); Berry v. Windham, 2008 WL 2455614 (W.D.La. 5/29/08)(sixteen days segregation was *de minimis*); Johnson v. Kelly, 2007 WL 1849001 (S.D.Tex. 2007)(ten-day loss of commissary was *de minimis*); cf., Hart v. Hairston, 343 F.3d at 763 (27 days cell and commissary restriction could be more than "de minimis"); Lee v. Louisiana Dept. of Corrections, 539 Fed.Appx. 471 (5th Cir. 2013)(sentence of maximum/working cell block and the loss of 12 weeks of canteen privileges is more than *de minimis*). Adverse acts that cause an inmate only a few days of discomfort, impose a minor

sanction, or impose an otherwise constitutional restriction on the inmate would be *de minimis* acts. See Smith v. Rheams, 2013 WL 635265 (M.D.La. 1/29/13).

### 3. FTCA Claims

Plaintiff also alleges that his claim is being filed pursuant to the Federal Tort Claims Act. First and foremost, the only proper defendant in an FTCA claim is the United States. The United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. See Hebert v. United States, 438 F.3d 483, 487 (5th Cir. 2006). Sovereign immunity is jurisdictional in nature. See U.S. v. Mitchell, 463 U.S. 206, 212 (1983). Such immunity protects the United States from liability, and deprives the court of subject-matter jurisdiction over claims against the United States. See Hebert, 438 F.3d at 487-488, citing Mitchell, 463 U.S. at 212. Thus, before a court proceeds on a case against the United States, it must first decide whether one of the government's waivers of sovereign immunity applies. See Truman v. U.S., 26 F.3d 592, 594 (5th Cir. 1994).

Under the intentional tort exception of the FTCA, the federal courts generally lack jurisdiction over "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).

6

Plaintiff has not alleged any negligence by the defendants. Instead he complains of intentional conduct, which is excepted from the United States' waiver.

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's Bivens claims be **DENIED** and **DISMISSED WITH PREJUDICE** for failure to state a claim under 28 U.S.C. §1915A, and that Plaintiff's FTCA claim be **DISMISSED FOR LACK OF JURISDICTION**.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM

ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 23rd day of September, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE