RECEIVED
DC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
5 8 15
JT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

| | |
|---|---|
| DERRICK D. L. BRUNSON,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 1:14-CV-02467 |
| VERSUS | |
| K. NICHOLS, et al.,<br>    Defendants | JUDGE JAMES T. TRIMBLE, JR.<br>MAGISTRATE JUDGE JAMES D. KIRK |

MEMORANDUM ORDER

Plaintiff Brunson filed a motion for a "filing fee adjustment" (Doc.25) due to the simultaneous collection of two filing fees from his prison account. Brunson claims that the simultaneous monthly collection of two filing fees (the district court filing fee and the court of appeals' filing fee in the above-captioned case) amounts to 40% of his monthly prison account balance and is burdensome. Brunson argues that the fees should be collected sequentially (first the district court's fee, then the court of appeals' fee) or, in the alternative, should be reduced to ten percent (so that the combined payment is 20 percent of his monthly account balance).

The collection of filing fees from prisoners who are granted in forma pauperis status is governed by 28 U.S.C. § 1915, which states in relevant part:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such

>fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> *   *   *
>
>(b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>>(A) the average monthly deposits to the prisoner's account; or
>>(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
>(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

The fee provisions of the Prison Litigation Reform Act were designed to deter frivolous prisoner litigation in the courts by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees. Section 1915(b)(1) provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee". <u>Williams v. Roberts</u>, 116 F.3d 1126, 1127 (5th Cir. 1997).

The Circuits are split on the issue of whether filing fees paid pursuant to 28 U.S.C. 1915 are to be paid sequentially or cumulatively.

The Fifth Circuit has twice held that filing fees paid

pursuant to Section 1915 are to be paid cumulatively, so that prisoners pay separate monthly payments of 20 percent of their income for *each* filing fee owed. "[T]he language of § 1915(b)(2) is unambiguous and mandates that prisoners pay twenty percent of their monthly income for each case filed." Smith v. Polunsky, 48 Fed.Appx. 106, *1 (5th Cir. 2002) (an inmate challenged the collection of 40 percent of the deposits into his inmate trust account pursuant to pay for his filing fees in two civil rights actions), citing Atchison v. Collins, 288 F.3d 177, 180 (5th Cir. 2002)("The 'per case' interpretation is mandated by the unambiguous meaning of the text of § 1915. ...The Supreme Court has held that indigent persons have no constitutional right to proceed in forma pauperis. ...Given that prisoners are not forced to choose between the necessities of life and filing a lawsuit, it is unlikely that there are serious constitutional questions in play here.").

In Strickland v. Rankin Cty. Correctional Facility, 105 F.3d 972, 974 (5th Cir. 1997), the Fifth Circuit noted that Section 1915(b)(1) provides that a prisoner is required to pay the full amounts of the filing fees for civil actions *and* appeals filed in forma pauperis. Therefore, under Fifth Circuit's holding in Atchison, district court filing fees and appellate court filing fees must be paid cumulatively. Likewise, in Newlin v. Helman, 123 F.3d 429, 436-437 (7th Cir. 1997), the Seventh Circuit held that, when the plaintiff owes two fees in the same case-one for filing

the complaint and another for filing the appeal-they are paid cumulatively.

Therefore, under the prevailing case law of this circuit, Brunson must pay both his district court filing fee and his appellate court filing fee at the same time, or cumulatively.

In the alternative, Brunson asks the court to reduce the collection of each of his filing fees to ten percent per month (for a total of 20 percent). As set forth above in Section 1915, a prisoner who is granted IFP status is granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. Section 1915 set forth the requirements for the installment payment by stating that "the prisoner *shall be required* to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." The statute does not grant the courts discretion to reduce the amount collected, nor has the undersigned found any case law that does so. Therefore, Brunson's request for a reduction of the amount of fees collected monthly must be denied.

Accordingly, Brunson's motion for a filing fee adjustment (Doc.25) is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana on this 8th day of May 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE