RECEIVED
DEC 18 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

14-2467

Derrick D. L. Brunson # 13979-171
Plaintiff

Civil Action No: 14-31350

VS.

Mrs. K. Nichols, Mr. M White,
Mr. Lewis, et al,
Defendants

**Motion for Summary Judgment**

    Plaintiff Derrick D.L. Brunson, hereby moves pursuant to Rule 56 of the federal Rules of Civil Procedure, for summary Judgment in his favor. The complaint along with the Exhibit(s) show that in respect to defendants Mrs. K Nichols, and Mr. M. White, there are no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law. Fed R. Civ P. 56 (c).

    This motion is requested only for and in respect to defendants Mrs. K Nichols (Pollock F.C.I., F-Unit Counselor) and Mr. M. White (South Central Regional BOP Disciplinary Hearing Officer), for discovery will need in respect to remaining defendants. This motion is supported by exhibits (2). Incident report filed by Mrs. K. Nichols, (4). Disciplinary hearing officer report dilled by DHO Mr. M. White, (5). Expunged Disciplinary hearing report by DHO Mr. M Melton, (Decision from United States Court of Appeals) as well as the following:

**Supporting Law for Mrs. Nichols**

1. (A)    The incident report written by Mrs. K. Nichols states "Brunson, Derrick #13970-171 came into officers station referring to a BP-8 he submitted to me earlier that day about the power going out. He stated, "I can tell other inmates wait until the power goes out and they would be able to run to the fence to escape or to get some shanks if they wanted to assault an inmate or staff member." <u>He was trying to explain his concern</u>, but I took it as... "See incident report exhibit (2)

(B.)    It's clear that *Mrs. Nichols, knowingly charged Brunson (plaintiff) for exercising his first amendment constitutional right*. Wherein he filed a BP-8 and spoke with her about those safety conditions within. *She did acknowledge that the plaintiff "was explaining his concerns"*

(C)    "An inmate may maintain a cause of action for retaliation under 42 U.S.C.S 1983 by showing that a prison official's action were the results of the inmate having field a grievance concerning the conditions of his imprisonment." O'Bryant V Finch, 637 F. 3d. 1207.1212 (11th. Cir. 2011).

(D)    To establish causation, the plaintiff must show that the defendant was "subjectively motivated to discipline" the plaintiff for exercising his First Amendment right. Smith V. Mosley. 532 f. 3d.1270.1278 (11th.Cir.2008)

(E)    "That an inmate is considered to be exercising his First amendment right of freedom of speech when he complains to the prison administrators about conditions of his confinement is "an established principle of constitutional law, Smith V. Mosley.

(F)    To prevail on a First amendment retaliation claim, a detainee must establish that " (1) his speech was constitutionally, protected; (2) the inmate suffered adverse actions such that the administrators allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such

1

speech and; and (3) there is a causal relationship between the retaliatory action and the protected speech." Id. at 1276

(G)   Here then, Plaintiff filed a BP8 witch he gave to his counselor (Mrs. K. Nichols) and spoke to her on those concerns therein. Mrs. K. Nichols is also the staff member who investigates administrative remedy (BP-8) as well as plaintiff's assigned counselor, whom policy states, "... counselor provided counseling and guidance for the inmates of the unit in area of institution adjustment...." also " the individual to approach for daily problems" see exhibit (A) Inmate handbook, page 4 general functions of staff.

(H)   Plaintiff was discipline, and placed in SHU (lock-up), for a *total of 28 days* which would deter a person of ordinary firmness and there is even more than a causal relationship between the retaliatory action and protected speech; for Mrs. K. Nichols, wrote and signed the fact within the incident report. See Report written by Mrs. K. Nichols.

## Supporting Law for Mr. White

2. *(A)* The disciplinary hearing report written by Mr. White, states " The Decision was based on the written report by staff member who accounted that the inmate (plaintiff) Brunson, was disruptive in actions in he refused to follow orders as understood, rather than inmate Brunson's account of the events that occurred." he also states in same section of report, *"Everyone in the institution; to include staff and inmate understand Administrative remedy as an option in problem resolution. <u>Your actions were seen as an abuse of this option and considered disruptive when attempting to speak on the behalf of other inmates and staff."</u>*

(B)   Mr. White moreover states in same section of *his signed hearing report, "You should be cautioned that you cannot hide <u>behind a right</u> and expect to gain from it when <u>abusing that right.</u> Use of administrative Remedy is available to you for any legitimate concerns."*

(C)   These written statements of Mr. M. White do show *realization and acknowledgement* that (1) the issue is the administrative remedy plaintiff filed. (2) The intent to punish for use of the administrative remedy wherewith plaintiff addressed safety concerns as well as (3) such was a known right of plaintiff's.

(D)   Plaintiff was given seven (7) days lock-up as well as three (3) months of commissary loss, Trulinc E-mail loss for 3 months, telephone loss 3 months visitation loss 3 months to be suspended pending clear conduct for 180 days. *(Pending 180 days established an ax; where in within such time if Brunson's actions were questionable greater punishment would follow. Since actions at issue were addressing conditions such would be cause of greater punishment).*

(E)   An action taken by an official motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act might have been legitimate if taken for a different reason, Woods 60 F. 3d. et 116s. "Our concern is whether there was retaliation for the exercise of a constitutional right, separate and apart from the apparent validity of the underlying disciplinary report. An action motivated by retaliation for the exercise of a constitutionally protected right is....... Woods, 60 F. 3d. 1161 (5th Cir. 1995)

*(F)* The hearing officer Mr. M. White, did document not only his intent to deter plaintiff as well as others from some exercising but also ", but for the retaliatory motive they complained of incident would not

2

have occurred." Johnson V. Rodriguez, 110 F. 3d 299, 310 (5th cir 1997);

(G) Lastly, the charging document did not articulate an offense of threating nor an offender of refusing to obey an order; for *Mrs. K. Nichols acknowledged plaintiff was explaining his concerns* and there was no order given within incident report. Thus, there was NO evidence to support the findings made by Mr. M. White, and no reasonable hearing officer could have found plaintiff guilty of refusing an order. "There (need be) *some evidence to support the findings made in disciplinary hearing.*" See Hill, 472 U.S. et 457. See also exhibit (5), Expunged report by DHO Mr. Melton, where it was found no policy violation committed.

(H) Though claims alleging rotatory disciplinary are categorically exempt from. Heck (see e.g. Lynn v Cockerel. 86 F. appx 700 (5th Cir. 2004) and Kelly V. Sanders, 260 f.3d 622 (5th. Cir. 2001*). Plaintiff has none the less had his offense expunged through administrative remedy, (DHO M. Melton).* See exhibit (5) Disciplinary Hearing Report by Mr. M. Melton (who stated no prohibited act was committed); see also Heck V. Humphrey, 512 U.s, 477. 114 S. CT 2364. 129 L Ed. 2d 383 (1994).

(I) Mr. M. White, confined plaintiff to SHU (lock-up) for seven days, which was imposed pursuant to legal process Heck 512 U.S., also the 21 days of segregation following Brunson's filing of a grievance need be added to the seven; thus establishing 28 days. (See Hart noting 27days above de minimis).

(J) If the court reasons that there is no genuine issue as to any material facts, through investigation of exhibits (2), (4) and (5) mentioned then defendants are not entitled to qualified immunity.

(K) The 5th circuit, has held that prison officials who retaliate against prisoners who exercise their constitutional right are not entitled to qualified immunity. Woods V Smith, 60 F.3d 116 (5th. Cir. 1995)
    The qualified immunity doctrine does *not protect an official whose subjective intent was to harm the plaintiff*, regardless of the objective state of the law at the time of his conduct. Douthit v. Jones 619 F.2nd 527. 533 (5th. Cir 1980).

(L) Due to the foregoing memorandums and/or authority(s) of law and the written and signed documents from defendants Mrs. K. Nichols and Mr. M. White, plaintiff is entitled to judgment as a matter of law; for the evidence is such that a reasonable jury could not return a verdict for the non-moving party *in light of defendants own written a signed statements / reports*. Fed. R. Civ. P. 56 c.

  * Plaintiff notes that he is a layman and not exercised in the formation of motions and pleadings; yet he seeks not to use this as an excuse merely that its taken into consideration upon review of this Summary judgment.


Signed:
Dated:

Respectfully Submitted.

**Certificate of Service**

I _[signature]_ herewith state/ establish that I have on 12·14·017 sent a copy of this Summary Motion Pursuant to rule 56, to the following:

Clerk, United States District Court
Western District of Louisiana
300 Fannin St., Suite 1167
Shreveport, Louisiana 71101-3083

_____
_____
_____

Respectfully Submitted. _[signature]_

4