UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA LOUISIANA

| | |
|---|---|
| DERRICK BRUNSON | CIVIL ACTION NO. 1:14-CV-2467 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| K. NICHOLS, et al | MAG. JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is "Defendant's Motion to Dismiss Plaintiff's Complaint" (Rec. 43) wherein the individual-capacity Defendants K Nichols, Mr. Lewis, M White, Capt. Valle, Mr. Davis, Mrs. Eubanks, and Lt. Gardner[1] move for dismissal of the remaining claims asserted against them. As of this date, Plaintiff Derrick Brunson ("Brunson") has not opposed the motion. For the following reasons, the motion to dismiss should be GRANTED.

I. Background

Brunson, while an inmate in the custody of the United States Bureau of Prisons,[2] filed the instant lawsuit pursuant to Bivens v. Six unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) and under the Federal Tort Claims Act ("FTCA"). Brunson alleges that he suffered retaliation in violation of his

---

[1] Defendants include Nichols, Lewis, White, Valle Davis, and Eubanks; counsel for Defendants remarks that he is unable to determine the identity of Defendant Lieutenant Carder, but that the motion to dismiss would apply equally to Carder. The Court agrees and will refer to these Defendants collectively as Defendants, including the unknown Lieutenant Carder.

[2] Brunson has since been released from prison, but continues to pursue this case *pro se*.

constitutional rights after submitting a grievance to Defendant Nichols. Specifically, Brunson complained through the grievance procedure at the prison of institution-wide electrical power outages. After submitting his grievance, Brunson alleges that Nichols issued a disciplinary write-up against him resulting in seven days of administrative segregation and other losses of privileges. Through the prison's administrative process, Brunson was able to have the violation expunged.

Brunson filed this lawsuit alleging a violation of constitutional rights against various prison officials. Brunson alleges a conspiracy and retaliation. He seeks nominal, punitive, and compensatory damages.

Pursuant to the screening process under 28 U.S.C. § 1915A, the District Court accepted the undersigned's Report and Recommendation (Doc. 8) and dismissed all of Brunson's <u>Bivens</u> claims for failure to state a claim,[3] and also dismissed the FTCA claims for lack of jurisdiction. Brunson appealed this Court's rulings, and the Fifth Circuit vacated the dismissal of Brunson's retaliation and conspiracy claims, but affirmed the dismissal of all remaining claims. Specifically, the Fifth Circuit disagreed with this Court's determination that Brunson's twenty-one days in a Special Housing Unit pending his disciplinary hearing, seven days in segregation, and loss of privileges were *de minimis.* The Fifth Circuit also vacated the Court's finding that Brunson's claims of a conspiracy were conclusory.

---

[3] This included the retaliation and conspiracy claims.

After the Fifth Circuit's mandate was issued, the Court ordered that the U.S. Attorney General and the United States Attorney for the Western District of Louisiana be served. Shortly thereafter, Defendants Davis, Eubanks, Lewis, Nichols, Valle, and White filed the instant "Defendants' Motion to Dismiss Plaintiff's Complaint" (Doc. 43). Discovery has been stayed pending resolution of the motion to dismiss, and all briefing deadlines have elapsed. (Doc. 45).

## II. Law and analysis

Defendants move to dismiss Brunson's remaining claims of retaliation and conspiracy. Defendants argue that Bivens has not been, and should not be, extended to Brunson's claims. Alternatively, Defendants argue that if the Court implies a monetary damages claim under Bivens, Defendants are entitled to qualified immunity.

### A. Standards governing the Motion to Dismiss.

Fed. R. Civ. P. 8(a)(2) requires that pleadings which state one or more claims for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This "notice pleading" requirement is balanced against Fed. R. Civ. P. 12(b)(6), which provides that a court may dismiss one or more claims when the pleader fails to state a claim upon which relief may be granted.

For the purpose of considering a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled factual allegations as true and must view them in the light most favorable to the plaintiff. In re Katrina Canal Breaches Litigation, 495

F.3d 191 (5th Cir. 2007) (internal citations omitted). A motion to dismiss for failure to state a claim should be denied unless "it appears to a *certainty* that the plaintiff would be entitled to no relief under any state of facts" alleged in the petition. Banco Continental v. Curtiss Nat'l Bank of Miami Springs, 406 F.2d 510, 514 (1969) (quoting Arthur H. Richland Co. v. Harper, 302 F.2d 324, 325 (5th Cir. 1962) (citing Des Isles v. Evans, 200 F.2d 614, 615 (5th Cir. 1952); Millet v. Godchaux Sugars, Inc., 241 F.2d 264, 265 (5th Cir. 1957)).

Only those facts which are well-pleaded and state a "plausible claim for relief" must be accepted as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A claim is plausible when the court can reasonably infer from the facts that the defendant is liable to the plaintiff; a claim is not plausible when it only states conclusions of a "formulaic recitation of the elements of a cause of action." Whitley v. Hanna, 726 F.3d 631, 638 (2009) (quoting Ashcroft, 556 U.S. at 678). However, even those facts which are extremely doubtful are to be assumed correct. Twombly, 550 U.S. at 555; Lindquist v. City of Pasadena, 525 F.3d 383, 386 (5th Cir. 2008).

### B. Brunson's First Amendment retaliation and conspiracy claims "new context", and thus disfavored.

Defendants argue that it would be improper to award Brunson monetary damages for a First Amendment retaliation and conspiracy claim pursuant to Bivens. Defendants also argue that a personal money damages remedy would present a new Bivens context, warning that special factors counsel hesitation. See Ziglar v. Abbasi, 137 S.Ct. 1843, 1857 (2017).

4

In <u>Bivens,</u> the Supreme Court *implied* a damages action for a Fourth Amendment violation against federal agents for handcuffing a man in his home without a warrant. The Supreme Court explained that there were "no special factors counseling hesitation in the absence of affirmative action by Congress." 403 U.S. at 396. <u>Bivens</u> has been extended twice. In <u>Davis v. Passman</u>, 442 U.S. 228 (1979), for a Fifth Amendment claim against a congressman for firing his female secretary, and in <u>Carlson v. Green</u>, 446 U.S. 14 (1980), for an Eighth Amendment claim against prison officials for their failure to treat an inmate's asthma, resulting in his death.

The "antecedent" question before reaching the merits of the constitutional claims against federal officials is whether a personal damages remedy is available at all. <u>Hernandez v. Mesa</u>, 137 S.Ct. 2003, 2006 (2017) (quoting <u>Wood v. Moss</u>, 134 S.Ct. 2056, 2066 (2014)). Defendants argue that this remedy is not available, and this Court should not present a new context that differs "in a meaningful way from previous <u>Bivens</u> cases decided by [the Supreme Court]." <u>Abbasi</u>, 137 S.Ct. at 1858.

Defendants remark that in <u>Abbasi,</u> the Supreme Court made it abundantly clear that the proper benchmark for evaluating "new context" are the decisions in which the Court has considered the question, namely <u>Bivens</u>, <u>Davis</u>, and <u>Carlson</u>. Defendants cite to numerous cases wherein the Supreme Court has repeatedly pointed out that it has never recognized a First Amendment <u>Bivens</u> claim in any context, much less in the prison setting or under any theory of "conspiracy." <u>Wood v. Moss</u>, 134 S.Ct. 2056, 2066 (2014) (acknowledging that the Court has never implied a damages remedy under the First Amendment); <u>Reichle v. Howard</u>, 132 S.Ct. 2088,

5

2093 n. 4 (2012) (noting that the Court has "never held that Bivens extends to First Amendment claims"); Iqbal, 556 U.S. 662 (2009) (assuming without deciding, that a free exercise claim was actionable because the issue was not raised on appeal but noting the reluctance to extend Bivens liability "might well have disposed of respondent's First Amendment claim"); Bush v. Lucas, 462 U.S. 367, 368 (1983) (declining to extend Bivens to employee's First Amendment claim against superiors).

As in Abbasi, this Court must decide if Brunson's claims are "new context." If so, an expansion of the Bivens remedy is now considered a "disfavored" judicial activity. Iqbal, 556 U.S. at 675. The Court agrees that Brunson's claims are new and thus disfavored. To that end, there are "special factors counselling hesitation in the absence of affirmative action by Congress." Carlson, 446 U.S. 14, 100 S.Ct. 1468. [4]

### C. Special factors counsel hesitation.

The first factor this Court must consider is whether there was any alternative, existing process for protecting Brunson's interests. Where an alternative, existing process is present, "that alone may limit the power of the Judiciary to infer a new Bivens cause of action." Abbasi, 137 S.Ct. at 1858. Moreover, this would be a convincing reason for the judicial branch to refrain from creating a new remedy for damages. Wilkie v. Robbins, 551 U.S. 537 (2007).

---

[4] The inquiry must concentrate on whether the judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed. Thus, a factor must cause a court to hesitate before answering that question in the affirmative. Id.

As noted by Defendant, several courts have explicitly recognized the administrative remedy program ("ARP") available in the prison setting as an alternative process foreclosing a personal-capacity damages remedy. See Vega v. United States, 881 F.3d 1146 (9th Cir. 2018); Gonzales v. Hasty, 269 F.Supp.3d 45, 60 (E.D.N.Y. 2017); Andrews v. Miner, ___ F.Supp.3d___, 2017 WL 7688266, at *4 (E.D. Ala. Aug. 5, 2017); Muhammad v. Gehrke, 2018 WL 1334936, at *4 (S.D. Ind. Mar. 15, 2018); Howard v. Lackey, 2018 WL 1157547, at *3 (E.D. Ky. Mar. 5, 2018); Ashford v. Travesio, 2018 LEXIS 18500, at *12 (D. Ariz. Feb. 2, 2018); Buenrostro v. Fajardo, 2017 WL 6033469, at *3 (E.D. Cal. Dec. 5, 2017); Crowder v. Jones, 2017 WL 5889717 at *3 (S.D. Ind. Nov. 29, 2017).

The prison system makes available to prisoners the ARP wherein Brunson successfully had the alleged violation expunged. The Court agrees that this factor weighs heavily in favor of not judicially creating a new remedy for damages.

### D. Additional special factors to consider.

The Court notes that there are additional special factors counseling hesitation which include: (1) separation-of-powers concerns raised by repeated legislative action in the arena of prisoner life without ever providing for a damages remedy; (2) the system-wide costs and burden on the government imposed by the creation of a remedy, particularly for prison housing and disciplinary decisions; and (3) the harmful effects the creation of a remedy would have on the discharge of officials' duties in the prison disciplinary context. Abbasi, 137 S.Ct. at 1858.

Congress enacted the Prison Litigation Reform Act ("PLRA") to limit prisoner litigation and "remove the federal district courts from the business of supervising day-to-day operation of [] prisons." McLean v. United States, 566 F.3d 391, 403 (4th Cir. 2009). Congress has also consistently and expressly deferred to the Attorney General and Bureau of Prisons on how to best safeguard the welfare of inmates and manage day-to-day prison operations. See, e.g., 18 U.S.C. § 4042. Thus, Congress has explicitly deferred to the BOP to determine inmate housing.

One could easily surmise that the burden and cost on government employees who are sued personally is particularly high in the prison context. Thus, creating a new damages remedy would be certain to impact governmental operations system-wide. Without question, there could be a harmful effect on the discharge of official duties if Bivens were extended. Officials would be continuously faced with the threat of damages liability which would have the potential to thwart an official in making a split-second decision undermining the paramount need to protect inmates and staff. All of these factors militate in favor of not creating a new Bivens remedy for damages. Instead, creating or expanding the damages remedy should be left up to Congress in its legislative capacity.

Accordingly, the Court recommends dismissing Brunson's monetary damages claims for failure to state a claim, as we find that Bivens provides him no remedy. Because we recommend that Brunson's retaliation and conspiracy claims should be dismissed as to all Defendants, we find it unnecessary to determine if these Defendants are also entitled to qualified immunity.

### III. Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 43) be GRANTED, and all of Plaintiff's remaining claims be DISMISSED WITH PREJUDICE as to all Defendants.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __7th__ day of __December__, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge